UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.H. et al.,<br><br>         Plaintiffs,<br><br>  -against-<br><br>New York City Department of Education et al.,<br><br>         Defendants. | 24-CV-2431 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  M.H. sues the New York City Department of Education, the Board of Education, Chancellor David Banks, and the City of New York on behalf of himself and his child, I.A. Dkt. 14. He alleges violations of the Individuals with Disabilities Education Improvement Act (IDEA), Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1900, 42 U.S.C. § 1983, and New York state laws. *Id.* at 1. Defendants moved to dismiss plaintiffs' systemic IDEA claims, Section 504 claims, and Section 1983 claims on September 3, 2024. Dkt. 23.

  The motion is GRANTED as to the systemic IDEA claims. The amended complaint says that "[d]efendants had systemic policies and practices" denying some services, that defendants "did not have policies and procedures in place to ensure that students' pendency rights are timely implemented," that defendants "systematically fail to implement orders of hearing officers," and that defendants "routinely foist[] the responsibility for implementing . . . order[s] onto parents." Dkt. 14 ¶¶ 57, 91, 95, 133. These allegations regarding systemic violations of the IDEA are barebones and conclusory and fail to state a claim sufficient to survive a motion to dismiss. It is not enough just to say that defendants have policies, practices, and procedures that violate the IDEA when the complaint gives "no factual basis whatsoever from which the Court might infer that [plaintiffs'] experience is representative of an endemic problem" and instead merely "reflect[s] a plaintiff-specific dispute over the quality or methodology of services, which is routinely and properly resolved through the administrative process." *L.A. v. N.Y.C. Dep't of Educ.*, 2021 WL 1254342, at *3 (S.D.N.Y. Apr. 5, 2021); *see also Doe v. N.Y.C. Dep't of Educ.*, 2018 WL 10231672, at *7 (S.D.N.Y. Oct. 2, 2018) (dismissing systemic claims when "[o]n their face, the factual allegations . . . speak only to a 'failure with respect to the plaintiff *alone*'" (emphasis in original) (citation omitted)). Plaintiffs cite defendants' involvement in a 2003 class action lawsuit in this District over timely implementation of interim and final orders, Dkt. 14 at ¶¶ 96–102, but give no specific facts arising out of the case to support their allegation that there was a systemic policy or practice of refusing to implement orders during the relevant time period. The amended complaint is clearly about I.A.'s education and plaintiffs' individualized disputes with defendants, *see* Dkt. 27 at 8 (plaintiffs explaining that their "systemic claims are based on [their]

repeated experiences . . . with respect to [the] creation of IEPs for I.A."), not about a broader IDEA violation, and so the systemic claims must be dismissed. Plaintiffs' Section 504 and Section 1983 claims based on systemic allegations of generally-applicable policies and practices must also be dismissed.[1]

However, the motion is DENIED as to the Section 504 claims based on defendant's alleged denials of a FAPE to I.A. While true that "[s]omething more than a mere violation of the IDEA is necessary in order to show a violation of Section 504," like proof of "bad faith or deliberate indifference," *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 835, 841 (2d Cir. 2014) (citation omitted), "prolonged deprivation of a FAPE" can be enough to show such deliberate indifference. *C.Q. v. N.Y.C. Dep't of Educ.*, 2024 WL 4979293, at *8 (S.D.N.Y. Dec. 3, 2024); *see also id.* at *9 (concluding that "multi-year denial certainly constitutes a 'persistent failure' to provide . . . a FAPE" and denying a motion to dismiss on that ground). Here, plaintiffs allege that a FAPE was not provided for four years. *See* Dkt. 14 ¶¶ 59–90; Dkt. 27 at 15. In numerous cases alleging denial of a FAPE over comparable periods, courts have denied motions to dismiss Section 504 claims. *See, e.g.*, *Vasquez v. N.Y.C. Dep't of Educ.*, 2024 WL 1332822, at *9 (S.D.N.Y. Mar. 28, 2024) (case in which a FAPE was denied over four school years); *K.S. v. City of New York*, 2023 WL 6608739, at *17 (S.D.N.Y. Oct. 10, 2023) (similar four-year denial of a FAPE). So plaintiffs' Section 504 claim based on defendant's alleged failures over multiple school years to provide I.A. with a FAPE remains in the case.

The only remaining challenged Section 1983 claim is based on defendants' "fail[ure] to supervise and train their employees and agents." Dkt. 14 ¶ 156. To adequately plead municipal liability in a Section 1983 claim, plaintiffs must "demonstrate[] the existence of a municipal policy that causes [plaintiffs] to be subjected to the deprivation of a federal right." *Vasquez v. N.Y.C. Dep't of Educ.*, 2024 WL 1332822, at *5 (S.D.N.Y. Mar. 28, 2024). Such a policy, when applied to an alleged failure to supervise or train, "can be 'inferred from evidence of deliberate indifference of supervisory officials,'" which "requir[es] proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* (first quoting *Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012); then quoting *Bd of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)). No such facts are pleaded, so the motion is GRANTED as to the alleged failure to supervise and train.

---

[1] While defendants move to dismiss under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), their assertion that the Court lacks subject matter jurisdiction is based on the IDEA's statutory exhaustion requirements. Where the jurisdictional issue is statutory, not constitutional, and where the "substance of the claim is plainly without merit," the Court may assume hypothetical jurisdiction to decide the 12(b)(6) motion first. *Butcher v. Wendt*, 975 F.3d 236, 242–43 (2d Cir. 2020) (cleaned up).

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 23.

SO ORDERED.

Dated: January 3, 2025
       New York, New York

                                                ARUN SUBRAMANIAN
                                                United States District Judge